[Cite as *State v. Eppinger*, 2011-Ohio-2404.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 95685

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GREGORY EPPINGER

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED IN PART AND REVERSED IN PART

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530873

**BEFORE:**   Cooney, P.J., and S. Gallagher, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 19, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square, Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mollie Ann Murphy
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, P.J.:

**{¶ 1}** Defendant-appellant, Gregory Eppinger, appeals his convictions and sentences after pleading guilty to several drug offenses in two separate cases. We affirm his convictions, but remand the case for a limited hearing on court costs.

**{¶ 2}** In Case No. CR-531519, Eppinger was charged with one count of drug trafficking, two counts of drug possession, one count of deception to obtain a dangerous drug, and one count of illegal processing of drug documents. All counts contained forfeiture specifications in the amount of

$1,300. In Case No. CR-530873, Eppinger was charged with two counts of drug trafficking, two counts of drug possession, and one count of possession of criminal tools. All counts included forfeiture specifications for $4,931.

{¶ 3} Eppinger reached a plea agreement with the State and pled guilty to the indictment in CR-530873 and to amended counts of drug trafficking and attempted deception to obtain a dangerous drug in CR-531519. The remaining counts in CR-531519 were nolled.

{¶ 4} After the court accepted the pleas but before sentencing, counsel for the State reminded the court that Eppinger was pleading guilty to a money forfeiture in the amount of $4,931. The court offered both Eppinger and his counsel an opportunity to address the forfeiture issue on the record and both replied that they had nothing to say.

{¶ 5} The court imposed concurrent six-month prison terms on all the convictions in CR-530873. In CR-513519, the court sentenced Eppinger to concurrent one-year prison terms on both counts, to be served consecutive to the sentence in CR-530873. The court ordered the aggregate 18-month prison term to run concurrently with another sentence Eppinger was serving for a Summit County case.

{¶ 6} Eppinger now appeals, raising four assignments of error.

## Forfeiture

**{¶ 7}** In his first assignment of error, Eppinger argues the trial court violated his constitutional right to due process by ordering the forfeiture of money in its journal entry when there was no pronouncement of forfeiture at sentencing.

**{¶ 8}** R.C. Chapter 2981.01 et seq. set forth procedures that must be followed to effectuate the forfeiture of seized property including contraband and money resulting from criminal activity. R.C. 2981.03(A)(1) provides, in part, that "[t]itle to the property vests with the state * * * when the trier of fact renders a final forfeiture verdict or order under section 2981.04 or 2981.05."

**{¶ 9}** R.C. 2981.04, which governs forfeiture specifications, provides, in part, that "[i]f a person pleads guilty to or is convicted of an offense * * * and the complaint, indictment or information charging the offense * * * contains a specification covering property subject to forfeiture under section 2981.02 of the Revised Code, the trier of fact shall determine whether the person's property shall be forfeited." However, this court has held that when the defendant enters a plea agreement calling for the forfeiture of seized property, adherence to the statutory procedures are unnecessary. *State v. Chappell*, Cuyahoga App. No. 93298, 2010-Ohio-2465, ¶37-38. When the property is forfeited through a plea agreement, the forfeiture is "not

effectuated by operation of the statutory provisions governing forfeiture of contraband, but rather by the parties' agreement." *State v. Harper* (Feb. 28, 1996), Summit App. No. 17570, citing *State v. Gladden* (1993), 86 Ohio App.3d 287, 289 ("[I]t cannot be said that appellant's due process rights were violated because by entering into the plea agreement, appellant clearly had notice of and agreed to the forfeiture of his property.")

**{¶ 10}** At the plea hearing, the court specifically explained on the record that each count in CR-530873 contained forfeiture specifications, and Eppinger pled guilty to all the counts in that case. After the court accepted his plea, the prosecutor reminded the court that forfeiture was part of the plea agreement and the following exchange took place:

> "MISS MURPHY: Your Honor, if I may, in Eppinger, you said he was pleading guilty to a forfeiture, and just for the record the forfeiture is $4,931 in cash.
>
> "THE COURT: Thank you. Mr. Mancino,[1] do you or your client wish to address the Court?
>
> "MR. MANCINO: No. I have nothing to say.
>
> "THE COURT: Mr. Eppinger, you got anything to say?
>
> "MR. EPPINGER: Not at this time."

---

[1]    Mr. Mancino was Eppinger's trial counsel as well as counsel in the instant appeal.

{¶ 11} Because Eppinger voluntarily agreed to the forfeiture by virtue of his plea agreement, adherence to the statutory forfeiture procedures set forth in R.C. Chapter 2981 was unnecessary, and there was no violation of Eppinger's due process rights.  In return for the state's agreement to reduce the charges against him, Eppinger agreed not to contest the forfeiture of the property listed in the indictment.  When given the opportunity to question the amount being forfeited, neither Eppinger nor his counsel objected.

{¶ 12} Accordingly, the first assignment of error is overruled.

### Court Costs

{¶ 13} In his second assignment of error, Eppinger argues that the trial court erred when it imposed court costs in the sentencing journal entry without first addressing court costs at his sentencing hearing.

{¶ 14} R.C. 2947.23(A)(1) provides that "[i]n all criminal cases the judge or magistrate shall include in the sentence the costs of prosecution * * * and render a judgment against the defendant for such costs."  In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶22, the Ohio Supreme Court held that it is reversible error for the trial court to impose costs in its sentencing entry when it did not impose those costs in open court at the sentencing hearing.  The court held that the error did not void the defendant's sentence, but explained that the defendant had been harmed

because the trial court's failure to mention court costs during sentencing denied him the opportunity to claim indigency and seek waiver of the payment of the costs. Id. Therefore, the court remanded the matter to the trial court to allow the defendant to move for a waiver of the payment of court costs. Id. at ¶23.

{¶ 15} The State concedes the trial court failed to impose court costs during Eppinger's sentencing. Accordingly, we reverse the trial court's judgment as to costs and remand the case to the trial court for a limited hearing on court costs.

{¶ 16} Accordingly, we sustain Eppinger's second assignment of error.

### Guilty Plea

{¶ 17} In his third and fourth assigned errors, Eppinger contends he did not enter his guilty plea knowingly, voluntarily, or intelligently because, prior to accepting his plea, the trial court did not explain the effect of the forfeiture specification and failed to properly explain postrelease control.

{¶ 18} Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, a court must conduct an oral dialogue with the defendant to determine that the plea is voluntary, that the defendant understands the nature of the charges and the maximum penalty involved, and to personally inform the defendant of the constitutional guarantees he is waiving by pleading guilty.

–8–

**{¶ 19}** A trial court must strictly comply with the Crim.R. 11(C)(2) requirements regarding the waiver of constitutional rights, meaning the court must actually inform the defendant of the constitutional rights he is waiving and make sure the defendant understands them. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 876 N.E.2d 621, ¶18 and 27. For nonconstitutional rights, scrupulous adherence to Crim.R. 11(C) is not required and "substantial compliance" is sufficient. Id. at ¶14, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163; *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶31. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero* (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474.

**{¶ 20}** If the trial judge partially complied with the rule with respect to nonconstitutional rights, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *Veney* at ¶17 ("A defendant must show prejudice before a plea will be vacated for a trial court's error involving Crim.R. 11(C) procedure when nonconstitutional aspects of the colloquy are at issue.") The test for prejudice is "'whether the plea would have otherwise been made.'" *Clark* at ¶32, quoting *Nero* at 108.

{¶ 21} Eppinger contends his plea was invalid because the trial court did not explain the nature of the forfeiture specification to him. The forfeiture, in the context of this case, was intended as a penalty for the underlying felony. The right to be informed of a forfeiture of property prior to entering a plea is a nonconstitutional right. See, e.g., *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 (holding that right to be informed of maximum penalty involved is reviewed for substantial compliance); *State v. Rebman* (June 11, 1997), Lorain App. No. 96CA006520 (substantial compliance analysis applied to notification of forfeiture during plea colloquy). As such, we review the plea proceedings to determine if there was substantial compliance with the rule.

{¶ 22} In accordance with CrimR. 11(F), the trial court stated the parties' plea agreement on the record. Specifically, the court stated:

> "[Eppinger] will plead guilty to count three as amended, attempted deception to obtain a dangerous drug with a forfeiture specification, felony of the third degree. Is that correct?"
>
> \*    \*    \*
>
> "MR. MANCINO: Yes."

{¶ 23} Immediately following Eppinger's guilty plea, the prosecutor clarified for the record that Eppinger was pleading guilty to a forfeiture in the amount of $4,931. The court gave Eppinger and his counsel an opportunity

to object or assert that Eppinger did not know or understand that he was forfeiting $4,931 by pleading guilty. They both told the court that they had "nothing to say."

**{¶ 24}** There is no question on this record that Eppinger was aware of the terms of the plea agreement, including the fact he was forfeiting $4,931. Therefore, the court substantially complied with its obligation to notify Eppinger that he would be forfeiting $4,931 by pleading guilty.

**{¶ 25}** Eppinger also contends his plea was invalid because the court failed to advise him of postrelease control. The right to be informed at the plea hearing of the maximum possible penalty that could be imposed upon conviction is also a nonconstitutional right. *Stewart* at 93. When a trial court fails to mention postrelease control "at all" during a plea colloquy, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause. *Sarkozy* at ¶25. But "some compliance" with the rule with respect to postrelease control "prompts a substantial-compliance analysis and the corresponding 'prejudice' analysis." Id. at ¶23; see, also, *Clark* at ¶32.

**{¶ 26}** During the plea colloquy, the court explained:

"With respect to you, Mr. Eppinger, you will be subjected to a discretionary period of postrelease control up to 3 years upon your release from prison.

"That would involve restrictions on your activities. If you were to violate any of those restrictions you can be returned to prison for up to one half of your sentence.

"Having said all that, you understand that?"

"MR. EPPINGER: Yes."

{¶ 27} R.C. 2967.28(B) and (C) relate to postrelease control and provide that third degree felonies, except certain sex offenses and violent crimes, are subject to discretionary postrelease control up to three years. Thus, it is clear the court correctly notified Eppinger of postrelease control and the possible consequences for violating its terms.

{¶ 28} Accordingly, we find that Eppinger's plea was knowingly, voluntarily, and intelligently made and that the trial court substantially complied with the requirements of Crim.R. 11(C) in accepting the plea.

{¶ 29} The third and fourth assignments of error are overruled.

Judgment affirmed in part and reversed in part.

Case remanded for the limited purpose of holding a hearing on costs.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KATHLEEN ANN KEOUGH, J., CONCUR