[Cite as *State v. Wellington*, 2014-Ohio-4473.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 100867, 100869, and 100870**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARQUIS L. WELLINGTON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-571814-A, CR-13-573606-B, and CR-13-575269-A

**BEFORE:** McCormack, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 9, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender

By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James M. Price
Frank Romeo Zeleznikar
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Marquis L. Wellington, appeals from the judgment of the trial court in three separate cases that included the forfeiture of several items in connection with Wellington's conviction of various drug offenses. For the following reasons, we affirm the trial court's judgment.

{¶2} Wellington pled guilty in three drug cases under a plea agreement. In Cuyahoga C.P. No. CR-13-571814-A, he pled guilty to permitting drug abuse in violation of R.C. 2925.13, a felony of the fifth degree, with forfeiture specifications; the state nolled five other counts in the indictment. Under the plea agreement, Wellington agreed to forfeit to the state cash in the amounts of $1,060, $217, and $700, an Apple iPhone and several other cell phones, packaging materials, and certain personal papers.

{¶3} In Cuyahoga C.P. No. CR-13-573606-B, Wellington pled guilty to permitting drug abuse in violation of R.C. 2925.13, a felony of the fifth degree, with forfeiture specifications; the state nolled the other count in the indictment. Under the plea agreement, he agreed to forfeit four cell phones, cash in the amounts of $265 and $95, and a 2002 Volvo S-60.

{¶4} In Cuyahoga C.P. No. CR-13-575269, Wellington pled guilty to drug trafficking in violation of R.C. 2925.03(A)(1), a felony of the fifth degree, with forfeiture specifications. He also pled guilty to drug possession in violation of R.C. 2925.11 (A), a felony of the fourth degree, with forfeiture specifications. The remaining five counts

were nolled.   Under the plea agreement, he agreed to forfeit cash in the amounts of $935 and $298 and several cell phones.

{¶5}   The trial court sentenced Wellington to 12 months in prison in CR-571814; a concurrent 12-month term in CR-573606; and a term of 18 months in CR-575269,   to run concurrent with the first two cases.   The judgment entry in each case also included the items of forfeiture specified under the indictment and agreed to in the plea agreement.

{¶6}   Wellington appeals from the trial court's judgment in these three cases. This court consolidated them for record, briefing, hearing, and disposition.   Wellington raises one assignment of error on appeal.   He claims "the trial court was not permitted to journalize forfeitures not ordered in open court."

{¶7}   Under the assignment of error, Wellington's argument, in its entirety, states:  "The trial court was not permitted to journalize forfeitures unless it did so in open court at the sentencing.   It is axiomatic that the journal must reflect the sentencing that took place in open court.   Otherwise, the defendant's Sixth Amendment right to be present at all critical stages of the proceedings is violated."

{¶8}   Other than these generalized and conclusory remarks, Wellington does not offer any explanation of how his rights were violated; nor does he cite to any statutory or case law authority in support of his contention, as required by   App.R. 16(A)(7). Accordingly, we need not address his claim.   *See, e.g.,   Davis v. Cleveland*, 8th Dist. Cuyahoga No.99187, 2013-Ohio-2914, ¶ 31.   Even if we were to address his contention,

however, we would overrule his assignment of error, because a similar claim has been previously rejected by this court.

{¶9} In *State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, *discretionary appeal not allowed*, 130 Ohio St.3d 1419, 2011-Ohio-5605, 956 N.E.2d 310, appellant Eppinger claimed that the trial court violated his constitutional right to due process by ordering the forfeiture of money in its journal entry when there was no pronouncement of forfeiture at sentencing.

{¶10} In that case, at the plea hearing, the trial court specifically explained that the counts Eppinger pled guilty to contained forfeiture specifications. After the court accepted his guilty plea, the prosecutor reminded the court that forfeiture was part of the plea agreement. The court then asked if Eppinger or his counsel wished to address the court, and both indicated they had nothing to say.

{¶11} Given the record, we observed that it "'cannot be said that appellant's due process rights were violated because by entering into the plea agreement, appellant clearly had notice of and agreed to the forfeiture of his property.'" *Id*. at ¶ 9, quoting *State v. Gladden*, 86 Ohio App.3d 287, 289, 620 N.E.2d 947 (1st Dist.1993). We reasoned that in return for the state's agreement to reduce the charges against him, appellant agreed not to contest the forfeiture of the property listed in the indictment. When given the opportunity to question the items being forfeited at the plea hearing, appellant did not object. We therefore found no merit to appellant's claim. *See also State v. Wade*, 8th Dist. Cuyahoga No. 85444, 2005-Ohio-4823, ¶ 9 (where the forfeiture was effectuated by

the parties' agreement, the trial court was without authority to alter the terms of the agreement, particularly when the defendant acknowledged the validity of the agreement and failed to object).

{¶12} Similarly here, Wellington was aware of the forfeiture by the notice provided in the indictment and he agreed to it in exchange for the nolling of several counts. Furthermore, the transcript of the plea hearing reflects that the trial court explained to Wellington the specific items to be forfeited in each case and Wellington repeatedly affirmed that he understood the forfeiture aspect of his plea. At sentencing, when the court recited charges and the plea agreement for the record, it mentioned the forfeiture specifications in each case, without any objections from Wellington or his counsel. The trial court also incorporated the forfeiture of the specific items in the journal entry. Under these circumstances, even if Wellington's claim had been properly presented, we cannot conclude he was prejudiced by the trial court's inadvertent omission at sentencing of an oral recitation of the forfeiture he had agreed to under a plea agreement. *Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

PATRICIA ANN BLACKMON, P.J., and
MELODY J. STEWART, J., CONCUR