[Cite as *State v. Smith*, 2025-Ohio-1885.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 24CA39 |
| Plaintiff-Appellee, | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| v. | : | |
| Markevion Smith, | : | **RELEASED 5/22/2025** |
| Defendant-Appellant. | : | |

_____

<u>APPEARANCES</u>:

Mary Catherine Corrigan, Mayfield Village, Ohio, for appellant.

Jeffrey C. Marks, Ross County Prosecuting Attorney, and Alisa Turner, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.
_____

Hess, J.

{¶1} Markevion Smith appeals from a judgment of the Ross County Common Pleas Court convicting and sentencing him for possession of a fentanyl-related compound and possession of cocaine. Smith presents one assignment of error asserting that he "did not knowingly, voluntarily, and intelligently enter his pleas of guilty as he was never advised of his rights pursuant to forfeiture, rendering the entire plea unknowing, involuntary, and unintelligent." For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} In August 2023, Smith was indicted on four counts: (1) Count One, possession of a fentanyl-related compound in an amount equal to or exceeding 100 grams, a first-degree felony; (2) Count Two, trafficking in a fentanyl-related compound in an amount equal to or exceeding 100 grams, a first-degree felony; (3) Count Three, possession of cocaine in an amount equal to or exceeding 10 grams but less than 20 grams, a third-degree felony; and (4) Count Four, trafficking in cocaine in an amount equal to or exceeding 10 grams but less than 20 grams, a third-degree felony. Smith initially pleaded not guilty but later entered into a plea agreement with the State and executed a written plea of guilty form. The form indicates that the State agreed to amend Counts One and Two "to reflect regular F1 level offenses." In other words, the State would amend the amount of the drug involved in those counts to be an amount that equaled or exceeded 20 grams but was less than 50 grams. This meant that Smith would not be considered a major drug offender and that while the court would have to impose as a mandatory prison term one of the prison terms prescribed for a first-degree felony for those counts, it would not have to impose as a mandatory prison term the maximum prison term prescribed for a first-degree felony. *See* R.C. 2925.11(C)(11)(e) and (g); R.C. 2925.03(C)(9)(f) and (h). Smith agreed to plead guilty to all counts of the amended indictment. And the parties agreed to "jointly recommend a mandatory minimum 4-6 yrs prison aggregate sentence & forfeiture of $1631.25 to State of Ohio."

{¶3} The court conducted a plea hearing at which the State recited the terms of the plea agreement, including that Smith "agreed to forfeit the $1,631.25 to the State of Ohio." Defense counsel agreed the State's recitation reflected his understanding of the

plea agreement and stated that "we agree to the forfeiture." The court then conducted a plea colloquy during which it asked Smith if the State's recitation of the terms of the plea agreement was "the same information you discussed with your attorney before this hearing began?" Smith said, "Yes, sir." The court asked if Smith had a chance to review the plea of guilty form with his attorney, and Smith said, "Yes, sir. I did." The court asked Smith if his attorney answered any questions he had about the form, and Smith said, "Yes, sir." The court asked if Smith believed he understood what the form said and voluntarily signed it, and Smith indicated he did.

**{¶4}** The court accepted Smith's guilty plea and found him guilty of the offenses to which he pleaded guilty. The court found Counts One and Two merged, and Counts Three and Four merged. The State elected to have Smith sentenced on Counts One and Three. On Count One, the court sentenced Smith to a mandatory minimum term of 4 years in prison with a maximum indefinite term of 6 years, and on Count Three, the court sentenced him to 18 months in prison. The court ordered that he serve the sentences concurrent to each other. The court waived the mandatory fine, "excepting the sum of $1,631.25 seized from the defendant," which it ordered "be applied as the fine in this matter."

## II. ASSIGNMENT OF ERROR

**{¶5}** Smith presents one assignment of error: "The Appellant did not knowingly, voluntarily, and intelligently enter his pleas of guilty as he was never advised of his rights pursuant to forfeiture, rendering the entire plea unknowing, involuntary, and unintelligent."

### III.  LAW AND ANALYSIS

{¶6}    In his sole assignment of error, Smith contends his guilty pleas were not knowing, voluntary, and intelligent because "he was never advised of his rights pursuant to forfeiture."  He maintains that he was "not advised of his due process rights regarding forfeiture" orally or in the plea of guilty form. Specifically, he was not told (1) that if he proceeded to trial, the trier of fact would determine whether the property was subject to forfeiture pursuant to R.C. 2941.1417; (2) of factors the trier of fact considers pursuant to R.C. 2981.02(A)(2); or (3) that the State had to prove the property was subject to forfeiture by clear and convincing evidence pursuant to R.C. 2981.04.  Citing *State v. Eppinger*, 2011-Ohio-2404 (8th Dist.), Smith claims "[t]he rights associated with forfeiture specifications are nonconstitutional rights, and therefore only substantial compliance with Crim. R. 11 is required." Smith asserts we "could not possibly find that substantial compliance with Crim. R. 11 existed in this matter, rendering the entire plea involuntary, unintelligent, and unknowing."

{¶7}    Smith claims this case is "almost directly on point" with *State v. Brown*, 2014-Ohio-5795 (8th Dist.). He asserts that in *Brown,* as in this case, the defendant "argued that the lack of compliance regarding the forfeiture specifications rendered the plea involuntary."  He claims that in denying this argument, the appellate court indicated that the defendant not only had "notice of the items being forfeited" but also "did not assert prejudice for said forfeiture." Smith asserts that he "overcomes that issue and is affirmatively asserting prejudice." Smith claims that if he had "known he could have exercised his due process rights to fight not only the charges contained in the indictment,

but also the forfeiture specifications, he would not have plead [sic] guilty and would have insisted on going to trial."

### A. Legal Principles

**{¶8}** "Because a . . . guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional." *Id.* "'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.'" *State v. Sillman*, 2024-Ohio-3363, ¶ 22 (4th Dist.), quoting *State v. Moore*, 2014-Ohio-3024, ¶ 13 (4th Dist.).

**{¶9}** "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas." *Dangler* at ¶ 11. Crim.R. 11(C)(2) states:

> In felony cases the court . . . shall not accept a plea of guilty . . . without first addressing the defendant personally . . . and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

"[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his [or her] rights and the consequences of his [or her] plea and determine if the plea is understandingly and voluntarily made.'" *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975).

{¶10} "When a criminal defendant seeks to have [a] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that [the defendant] was prejudiced by that error." *Id.* at ¶ 13. The Supreme Court of Ohio has made exceptions to the prejudice component of this rule in the criminal-plea context. *Id.* at ¶ 14-15. When a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty as set forth in Crim.R. 11(C)(2)(c), "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. In addition, "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C) eliminates the defendant's burden to show prejudice." (Emphasis in original.) *Id.* at ¶ 15. "Aside from these two exceptions, the traditional rule continues to apply: a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

### B. *State v. Eppinger*

{¶11} In *Eppinger*, the defendant was charged with multiple counts which included forfeiture specifications. *Eppinger*, 2011-Ohio-2404, ¶ 2 (8th Dist.). He pleaded guilty to several offenses. *Id.* at ¶ 3. "After the court accepted the pleas but before sentencing, counsel for the State reminded the court that [the defendant] was pleading guilty to a

money forfeiture in the amount of $4,931." *Id.* at ¶ 4. "The court offered both [the defendant] and his counsel an opportunity to address the forfeiture issue on the record and both replied that they had nothing to say." *Id.*

{¶12} On appeal, the defendant asserted that his plea was invalid "because the trial court did not explain the nature of the forfeiture specification to him." *Id.* at ¶ 21. In rejecting this argument, the appellate court explained that "[t]he forfeiture, in the context of this case, was intended as a penalty for the underlying felony." *Id.* The appellate court stated that "[t]he right to be informed of a forfeiture of property prior to entering a plea is a nonconstitutional right. See, e.g., *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 (holding that right to be informed of maximum penalty involved is reviewed for substantial compliance); *State v. Rebman* (June 11, 1997), Lorain App. No. 96CA006520 (substantial compliance analysis applied to notification of forfeiture during plea colloquy)." *Id.* The court explained that there was "no question on this record that [the defendant] was aware of the terms of the plea agreement, including the fact he was forfeiting $4,931." *Id.* at ¶ 24. "Therefore, the court substantially complied with its obligation to notify [him] that he would be forfeiting $4,931 by pleading guilty." *Id.* at ¶ 24.

### C. *State v. Brown*

{¶13} In *Brown*, the defendant was indicted on multiple counts and agreed to plead guilty to two counts, one which included four forfeiture specifications—two for guns, one for money, and one for a safe. *Brown*, 2014-Ohio-5795, ¶ 2-4 (8th Dist.). On appeal, he argued that his plea was not knowingly made because the sentencing entry forfeited more property than was mentioned at the plea hearing. *Id.* at ¶ 32. Specifically, at the plea hearing, the court questioned the defendant as to whether he understood that he

would have to forfeit two guns but did not mention the forfeiture of the money, ammunition, or safe, which were included in the sentencing entry. *Id.*

**{¶14}** In rejecting this contention, the appellate court explained it "has held that the 'right to be informed of a forfeiture of property prior to entering a plea is a nonconstitutional right.'" *Id.* at ¶ 33, quoting *Eppinger* at ¶ 21, citing *Sarkozy.* In a parenthetical, the appellate court stated *Sarkozy* held that "the right to be informed of [the] maximum penalty involved is reviewed for substantial compliance." *Id.* The court explained that the indictment "specifically listed the items for which the state sought forfeiture." *Id.* at ¶ 34. And at the plea hearing, the parties discussed the deletion of other specifications, but "no mention was made of deleting the forfeiture specifications," and the court told the defendant he would be forfeiting the guns. *Id.* at ¶ 34. "On this record," the appellate court found the defendant "had notice of all the items that were forfeited and that he knowingly agreed to forfeit them." *Id.* at ¶ 35. The court also found the defendant "has not alleged that he was prejudiced by their forfeiture; that is, that he would not have pled guilty had he known that they would be forfeited." *Id.* at ¶ 35.

## D.  Analysis

**{¶15}** Smith has not demonstrated that his guilty plea was not knowing, voluntary, and intelligent because he was not advised of his "rights pursuant to forfeiture." The contention that Crim.R. 11 required that the trial court explain the matters he has identified is not well-taken. The State never initiated a criminal forfeiture proceeding in this matter as it did not include a forfeiture specification in the indictment. *See* R.C. 2941.1417(A) ("Property is not subject to forfeiture in a criminal case unless the indictment, count in the indictment, or information charging the offense specifies . . . the

nature and extent of the alleged offender's interest in the property, a description of the property, and, if the property is alleged to be an instrumentality, the alleged use or intended use of the property in the commission or facilitation of the offense"). Moreover, nothing in *Eppinger* or *Brown* supports the position that the trial court must provide information regarding the defendant's rights in a forfeiture proceeding before accepting a guilty plea made pursuant to a plea agreement in which the defendant agrees to forfeit property. *Eppinger* and *Brown* suggest that a forfeiture of property is part of the "maximum penalty involved" which the court must determine the defendant understands pursuant to Crim.R. 11(C)(2)(a). But they do not hold that a court must explain the defendant's rights in a forfeiture proceeding to comply with Crim.R. 11(C)(2), and nothing in the plain language of the rule supports such a conclusion.

{¶16} Even if Smith had established that an error occurred in the trial-court proceedings, he has not shown prejudice. "Prejudice must be established '"on the face of the record."'" *Dangler*, 2020-Ohio-2765, ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 2014-Ohio-1913, ¶ 26, quoting *Wagner v. Roche Laboratories*, 85 Ohio St.3d 457, 462 (1999). Nothing in the record indicates that if Smith had been aware of his rights in a forfeiture proceeding, he would not have pleaded guilty. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
         Michael D. Hess, Judge



## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**