[Cite as *State v. Brown*, 2014-Ohio-5795.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101427**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JEFFREY BROWN**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART
AND REMANDED IN PART

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-580090-A and CR-13-580403-A

**BEFORE:** Jones, P.J., E.A. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 31, 2014

**ATTORNEY FOR APPELLANT**

Paul A. Mancino
Mancino Mancino & Mancino
75 Public Square Building
Suite 1016
Cleveland, Ohio 44113-2098


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Fallon Radigan
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant Jeffrey Brown appeals from the trial court's April 28, 2014 sentencing judgment entry. We affirm the conviction, but remand for the limited purpose of advising Brown in open court of costs.

## I. Procedural History

**{¶2}** In December 2013, Brown was indicted in two separate cases. Cuyahoga C.P. Case No. CR-13-580090-A was a seven-count indictment, charging him with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe).

**{¶3}** Case No. CR-13-580403-A was a three-count indictment, charging Brown with two counts of drug trafficking and one count of drug possession.

**{¶4}** After numerous pretrials and negotiations on both cases, Brown and the state reached a plea agreement. The agreement was that under Case No. CR-580090, Brown would plead to an amended Count 4, a third-degree felony, with the amendment being the deletion of the firearm, juvenile, and schoolyard specifications. Under Case No. CR-580403, Brown would plead to Count 2, a felony of the second degree.

{¶5} On April 28, 2014, immediately prior to the plea hearing, defense counsel requested a two-week continuance, stating that Brown needed more time "because of the circumstances." The trial court denied the request. The state indicated that it was seeking concurrent time on the cases, and the trial court stated that it was considering "between four and five years collective on the cases."

{¶6} The trial court advised Brown of the rights a plea would waive, as well as the possible sentence and period of postrelease control; it did not advise him that Count 2 under Case No. CR-580403 carried a mandatory $7,500 fine. After being satisfied that Brown was knowingly, intelligently, and voluntarily waiving his rights, the court entered the plea and the remaining counts of the indictments were dismissed.

{¶7} The trial court indicated that it would immediately proceed to sentencing. Defense counsel again requested a continuance so that Brown "could get his affairs in order." The trial court denied the request, stating that Brown had had plenty of time to do so.

{¶8} The assistant prosecuting attorney asked the court if it had reminded Brown of his driver's license suspension. The court previously had not and then informed Brown that his license would be suspended for six months. The court sentenced Brown to five years on the second-degree felony and six months on the third-degree felony, to be served concurrently.

{¶9} The following day, April 29, 2014, another hearing was held because it was brought to the trial court's attention that it had failed to impose the mandatory $7,500 fine. Defense counsel stated that in "view of that deficiency, [Brown] should be allowed to withdraw his plea and continue this for a little bit * * *." The trial court stated that it was not going to continue the case because "[t]here's nothing he didn't understand," but defense counsel insisted "[w]ell,

that's part of the sentence that was not explained."

{¶10} The court then asked whether Brown wanted to withdraw his plea; defense counsel responded, "[y]eah, I think he should."  The court stated that if Brown withdrew his plea, it would not entertain another plea.  Defense counsel was confused as to why not.  The trial court again stated that it was its belief that Brown "understood the implication" of the plea, but nonetheless told counsel to file a motion if he desired and the court would have a full hearing on it.

{¶11} The next day, April 30, 2014, the court reconvened on the matter, at which time the state informed the court that it would be "waiving the fine * * * so we don't have an issue." The court responded, "[v]ery good.  Original sentence will be imposed."  Defense counsel objected, however, stating that he believed he was being "victimized in this courtroom by the prosecutor and the Court."  The court then agreed to have a hearing on Brown's request to withdraw his plea.  But defense counsel stated that he was not ready and, instead, asked the court to recuse itself.

{¶12} The court told the defense that the stated ground made the day before for withdrawal of the plea was the failure to inform Brown of the mandatory fine.  The court indicated that "[w]hen the State of Ohio said we will waive that, I assumed that would correct any defects because you didn't raise any other basis to withdraw the [plea]."  Defense counsel responded that there were other issues, namely, (1) "we would not get extra time on the case"; and (2) that Brown "was not allowed to see the video."  The court inquired why Brown had pled if he had not seen the video, to which defense counsel responded that he "didn't know why," and he had had "bad representation."  The court ordered defense counsel to get the motion to

withdraw the plea, which counsel stated he had prepared, but did not have with him.

**{¶13}** Another hearing was held later that same day, April 30, 2014. The court asked defense counsel to present his argument for his motion to withdraw the plea. Counsel stated that the motion spoke for itself and he did not have anything to add because he "thought this case was over Monday." The stated ground in the motion was the failure to explain the mandatory fine.

**{¶14}** But defense counsel still insisted that Brown's plea was invalid because "he wasn't informed of the full penalty," and it did not matter that the state waived the fine because "they waived it after the fact." The court denied the motion to withdraw the plea and stated that the original sentence, without the fine, was in effect.

**{¶15}** Brown appeals, raising five assignments of error for our review:

I. Defendant was denied due process of law when the court did not inform defendant of the mandatory penalties in violation of his constitutional rights.

II. Defendant was denied due process of law when the court refused to allow defendant to withdraw his plea.

III. Defendant was denied due process of law when the court did not fully and properly advise defendant of post-release control.

IV. Defendant was denied due process of law when the court's oral pronouncement of sentence varied significantly from its judgment entry of sentence.

V. Defendant was denied due process of law when the court added additional items of forfeiture other than those identified at the time of plea.

## II. Law and Analysis

**{¶16}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence

may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶17}** Brown's motion to withdraw his plea was made after he was sentenced. Pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea may be granted only to correct a manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. McMahon*, 12th Dist. Fayette No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

**{¶18}** Thus, a postsentence motion to withdraw a guilty plea is allowable only under extraordinary circumstances and is left up to the discretion of the trial court. *Smith* at 264. Accordingly, we review the trial court's decision on a motion to withdraw a guilty plea for an abuse of discretion. *McMahon* at ¶ 9. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.* Deference is especially afforded to a case such as this one, where the same trial judge who took the plea considered the motion to withdraw it and, thus, was familiar with the facts and in the best position to assess the credibility of Brown's assertions. *State v. Atkinson*, 8th Dist. Cuyahoga No. 85773, 2005-Ohio-5348, ¶ 13-14.

**{¶19}** In his first, second, and third assignments of error, Brown contends that his plea was not knowingly and voluntarily entered into because the court did not inform him (1) that the second-degree felony carried a "mandatory five-year sentence"; (2) that his driver's license

would be suspended; (3) there was a mandatory $7,500 fine; and (4) properly about postrelease control.

{¶20} The reason Brown initially offered for wanting to withdraw his plea was that he was not informed about the mandatory $7,500 fine. The state indicated it would waive the fine, however, and therefore there was no "manifest injustice" that occurred by him not being advised of it. When Brown later asserted that there were "other reasons" for wanting to withdraw his plea, he did not raise the "mandatory five-year sentence" and the driver's license suspension. These issues are therefore waived for appellate review.

{¶21} Notwithstanding the waiver, Brown's claims have no merit. In regard to the "mandatory five-year sentence," the trial court stated, prior to the plea, that it was considering a four- or five-year sentence. Brown therefore entered his guilty plea knowing the court's inclination on sentencing. In regard to the license suspension, it is true that the trial court mentioned it after it had accepted Brown's plea, but Brown has never claimed that he was unaware of it and would not have pled had he known.

{¶22} We now consider the trial court's advisement about postrelease control. Under Crim.R. 11(C)(2)(a), when taking a plea the trial court must endure that the defendant understands the "maximum penalty involved." This court has previously explained the following:

> [P]ostrelease control constitutes a portion of the maximum penalty involved in an offense for which a prison term will be imposed. Without an adequate explanation of postrelease control from the trial court, [a defendant] could not fully understand the consequences of his plea as requires by Crim.R. 11(C).

*State v. Griffin*, 8th Dist. Cuyahoga No. 83724, 2004-Ohio-4344, ¶ 13.

{¶23} Thus, Crim.R. 11(C)(2)(a) requires a trial court, at the time of a defendant's plea,

to advise the defendant of any mandatory postrelease control period. *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 22, 25; *State v. Perry*, 8th Dist. Cuyahoga No. 82085, 2003-Ohio-6344, ¶ 11.

{¶24} Brown contends that the trial court "tersely" and "imprecisely" advised him about postrelease control at the plea. We disagree. The trial court's advisement to Brown at the plea hearing was as follows:

> On the felony 2 you'll have a mandatory period of three years postrelease Control, on the felony 4 discretionary period of postrelease Control.
>
> Postrelease control could involve restrictions on your activities. If you were to violate those, you could be returned to prison for up to one-half of the original sentence.

{¶25} When questioned by the court as to whether he understood, Brown responded that he did. On this record, the trial court properly advised Brown at the plea hearing about postrelease control and the record demonstrates that Brown subjectively understood.

{¶26} Moreover, the trial court advised Brown at sentencing of the postrelease control requirements and incorporated the advisements into its sentencing judgment entry. The imposition of postrelease control was therefore proper. *See State v. Mace*, 8th Dist. Cuyahoga No. 100779, 2014-Ohio-5036.

{¶27} In light of the above, Brown has failed to demonstrate that a manifest injustice occurred. The first, second, and third assignments of error are therefore overruled.

{¶28} In his fourth and fifth assignments of error, Brown contends that the trial court's oral pronouncements were inconsistent with its judgment entry and, thus, denied him of due process of law. Brown identifies three areas of concern. First, Brown contends that he was not advised at the plea hearing that he would be sentenced to a mandatory prison term on the

second-degree felony.   We disagree.

{¶29} The court advised him that a "felony of the second degree carries anywhere from two to eight years in prison in yearly increments * * *."   The court asked the assistant prosecuting attorney whether it was mandatory time, to which the assistant responded that it was.   The court then correctly informed Brown that his sentence would include a "[m]inimum mandatory [sentence] of two years."

{¶30} It is true that the sentencing judgment entry incorrectly states that the five years imposed on that count was a "mandatory five-year sentence."   But Brown is not able to demonstrate that his plea was not knowingly made.   He is also not able to demonstrate prejudice; that is, that he would not have pled if he had known he was going to be sentenced to five years.   As mentioned, at the very outset of the plea hearing, the trial judge told Brown that he would sentence him to either four or five years.   Therefore, his first contention is overruled.

{¶31} Second, Brown contends that he was not advised in open court that he would be responsible for court costs.   The state concedes this issue, and we agree.   Thus, under the authority of *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the sentence remains intact, but we remand for the limited purpose of informing Brown of court costs.

{¶32} Third, Brown contends that his plea was not knowingly made because the sentencing entry forfeits more property than was mentioned at the plea hearing.   Specifically, at the plea hearing the court questioned Brown as to whether he understood that he would have to forfeit two guns.   The court did not mention forfeiture of the money, ammunition, or safe at the plea hearing, but they were included in the sentencing judgment entry.

{¶33} This court has held that the "right to be informed of a forfeiture of property prior to

entering a plea is a nonconstitutional right." *State v. Eppinger*, 8th Dist. Cuyahoga No. 95685, 2011-Ohio-2404, ¶ 21, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224 (holding that the right to be informed of maximum penalty involved is reviewed for substantial compliance).

{¶34} The indictment in Case No. CR-580090 specifically listed the items for which the state sought forfeiture. The count to which Brown pleaded guilty, Count 4, also contained a one-year firearm specification, a juvenile specification, and a schoolyard specification. At the plea hearing, the parties discussed that the count would be amended to delete the firearm, juvenile, and schoolyard specifications; no mention was made of deleting the forfeiture specifications and, as mentioned, the court informed Brown that he would be forfeiting the guns.

{¶35} On this record, we find that Brown had notice of all the items that were forfeited and that he knowingly agreed to forfeit them. Moreover, Brown has not alleged that he was prejudiced by their forfeiture; that is, that he would not have pled guilty had he known that they would be forfeited.

{¶36} In light of the above, Brown's first, second, third, and fifth assignments of error are overruled. The fourth assignment of error is sustained as it relates to the imposition of court costs and the case is remanded for the limited purpose of addressing that issue.

{¶37} Conviction affirmed; case remanded for the limited purpose of advising defendant in open court of costs.

It is ordered that appellee and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas

court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS
IN JUDGMENT ONLY