[Cite as *State v. Brown*, 2017-Ohio-2757.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   104575

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JEFFREY L. BROWN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580403-A

**BEFORE:** Boyle, P.J., Laster Mays, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 11, 2017

**FOR APPELLANT**

Jeffrey L. Brown, pro se
Inmate No. 664-316
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Brett Hammond
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, P.J.:

{¶1} Defendant-appellant, Jeffrey L. Brown, appeals from a judgment denying his motion to withdraw his plea and his motion for resentencing. He raises five assignments of error for our review:

> 1. The trial court erred when it denied Brown's motion for resentencing pursuant to *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, thereby depriving Brown of equal protection and due process of law under the Fourteenth Amendment to the United States Constitution.
>
> 2. Brown was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when trial counsel failed to inform Brown of the mandatory fine prior to Brown pleading guilty.
>
> 3. Brown's pleas of guilty were not knowingly intelligent, and voluntary because they were induced by appellee's promise and the trial court's acceptance, of an act prohibited by statute, thereby depriving Brown of due process of law under the Fourteenth Amendment to the United States Constitution.
>
> 4. The court erred when it permitted Brown to accept a plea agreement that was the product of a mutual mistake of the facts and law.
>
> 5. The trial court erred when it permitted [Brown] to enter and agree to a void contract.

{¶2} Finding merit to his first assignment of error, we affirm in part and reverse in part, and remand for resentencing.

## I. Procedural History and Factual Background

{¶3} In April 2014, Brown pleaded guilty to one count of drug trafficking in violation of R.C. 2925.03(A)(2), a second-degree felony. At the same plea hearing,

Brown also pleaded guilty to drug trafficking in another case. The following relevant procedural history is taken from Brown's direct appeal in *State v. Brown*, 8th Dist. Cuyahoga No. 101427, 2014-Ohio-5795.

On April 28, 2014, immediately prior to the plea hearing, defense counsel requested a two-week continuance, stating that Brown needed more time "because of the circumstances." The trial court denied the request. The state indicated that it was seeking concurrent time on the cases, and the trial court stated that it was considering "between four and five years collective on the cases."

The trial court advised Brown of the rights a plea would waive, as well as the possible sentence and period of postrelease control; it did not advise him that [drug trafficking] under Case No. CR-580403 [the underlying case in this appeal] carried a mandatory $7,500 fine. After being satisfied that Brown was knowingly, intelligently, and voluntarily waiving his rights, the court entered the plea and the remaining counts of the indictments were dismissed.

The trial court indicated that it would immediately proceed to sentencing. Defense counsel again requested a continuance so that Brown "could get his affairs in order." The trial court denied the request, stating that Brown had had plenty of time to do so.

The assistant prosecuting attorney asked the court if it had reminded Brown of his driver's license suspension. The court previously had not and then informed Brown that his license would be suspended for six months. The court sentenced Brown to five years on the second-degree felony and six months on the third-degree felony, to be served concurrently.

The following day, April 29, 2014, another hearing was held because it was brought to the trial court's attention that it had failed to impose the mandatory $7,500 fine. Defense counsel stated that in "view of that deficiency, [Brown] should be allowed to withdraw his plea and continue this for a little bit * * *." The trial court stated that it was not going to continue the case because "[t]here's nothing he didn't understand," but defense counsel insisted "[w]ell, that's part of the sentence that was not explained."

The court then asked whether Brown wanted to withdraw his plea; defense counsel responded, "[y]eah, I think he should." The court stated

that if Brown withdrew his plea, it would not entertain another plea. Defense counsel was confused as to why not. The trial court again stated that it was its belief that Brown "understood the implication" of the plea, but nonetheless told counsel to file a motion if he desired and the court would have a full hearing on it.

The next day, April 30, 2014, the court reconvened on the matter, at which time the state informed the court that it would be "waiving the fine * * * so we don't have an issue." The court responded, "[v]ery good. Original sentence will be imposed." Defense counsel objected, however, stating that he believed he was being "victimized in this courtroom by the prosecutor and the Court." The court then agreed to have a hearing on Brown's request to withdraw his plea. But defense counsel stated that he was not ready and, instead, asked the court to recuse itself.

The court told the defense that the stated ground made the day before for withdrawal of the plea was the failure to inform Brown of the mandatory fine. The court indicated that "[w]hen the State of Ohio said we will waive that, I assumed that would correct any defects because you didn't raise any other basis to withdraw the [plea]." Defense counsel responded that there were other issues, namely, (1) "we would not get extra time on the case"; and (2) that Brown "was not allowed to see the video." The court inquired why Brown had pled if he had not seen the video, to which defense counsel responded that he "didn't know why," and he had had "bad representation." The court ordered defense counsel to get the motion to withdraw the plea, which counsel stated he had prepared, but did not have with him.

Another hearing was held later that same day, April 30, 2014. The court asked defense counsel to present his argument for his motion to withdraw the plea. Counsel stated that the motion spoke for itself and he did not have anything to add because he "thought this case was over Monday." The stated ground in the motion was the failure to explain the mandatory fine.

But defense counsel still insisted that Brown's plea was invalid because "he wasn't informed of the full penalty," and it did not matter that the state waived the fine because "they waived it after the fact." The court denied the motion to withdraw the plea and stated that the original sentence, without the fine, was in effect.

*Id*. at ¶ 5-14.

**{¶4}** This court affirmed Brown's conviction and sentence, but reversed and remanded for the limited purpose of the trial court advising Brown of court costs. *Id*. at ¶ 37.

**{¶5}** In May 2016, Brown filed two motions. In the first one, he moved to withdraw his plea. In the second motion, he moved for resentencing. The trial court denied both motions. It is from this judgment that Brown now appeals.

## II. Motion for Resentencing

**{¶6}** In his first assignment of error, Brown argues that the trial court erred when it denied his motion for resentencing because he asserts that his sentence is void based on *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. Brown contends that under *Moore*, his sentence is void because the trial court waived a $7,500 mandatory fine without Brown first filing an affidavit of indigency. We agree.

**{¶7}** First, we note that normally, res judicata bars a convicted defendant from raising in a subsequent proceeding any defense that was raised or could have been raised by the defendant at trial or on direct appeal. *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. But an exception to the doctrine exists where the sentence or the sanction involved in the sentences are contrary to law. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 27 (when a judge fails to impose statutorily mandated postrelease control, that part of the sentence is void). This exception applies to this issue.

**{¶8}** The Ohio Supreme Court addressed this exact issue in *Moore*, holding at

the syllabus:

> A trial court's failure to include the mandatory fine required by R.C. 2925.11(E)(1)(a) and 2929.18(B)(1) when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing, renders that part of the sentence void. Resentencing is limited to the imposition of the mandatory fine.

{¶9} The drug trafficking offense that Brown pleaded guilty to carries a mandatory fine. The relevant statute, R.C. 2925.03(D)(1), states:

> In addition to any prison term * * * and in addition to any other sanction imposed for the offense under this section * * *, the court that sentences an offender who is convicted of or pleads guilty to a violation of division (A) of this section * * * also shall do the following:
>
> (1) If the violation of division (A) of this section is a felony of the first, second, or third degree, the court shall impose upon the offender the mandatory fine specified for the offense under division (B)(1) of section 2929.18 of the Revised Code unless, as specified in that division, the court determines that the offender is indigent.

{¶10} R.C. 2929.18(B)(1) prescribes the manner that the court must follow in waiving the mandatory fine for an indigent offender. It states in relevant part:

> If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶11} The Supreme Court explained that a fine "is a criminal sanction"; it is not civil in nature like court costs. *Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, at ¶ 12. The Supreme Court further explained that "the fine is a mandated term pursuant to R.C. 2929.18(B)(1)." *Id*. at ¶ 13. If an offender does not file an affidavit of indigency, the trial court "shall impose upon the offender a mandatory fine."

*Id.* If the offender does timely file an affidavit *and* the court determines the offender is indigent, the court "shall not impose the mandatory fine upon the offender." Therefore, "the trial court has no discretion in deciding whether to impose the fine." *Id.*

{¶12} In *Moore*, the Ohio Supreme Court set forth the appropriate remedy that a reviewing court should follow when faced with a trial court that failed to impose a statutorily mandated fine as part of a defendant's sentence:

> Because the fine is a statutory punishment, the trial court's failure to impose the fine when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence void. *See* [*State v.*] *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 17. It is a longstanding principle that an offender's sentence that does not properly include a statutorily mandated term is contrary to law. *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964); *State v. Beasley*, 14 Ohio St.3d 74, 75, 14 Ohio B. 511, 471 N.E.2d 774 (1984).
>
> In determining the appropriate relief, the analysis in *Fischer* is again illuminating. In *Fischer*, we found the illegal-sentence doctrine convincing:
>
> "A motion to correct an illegal sentence 'presupposes a valid conviction and may not, therefore, be used to challenge alleged errors in proceedings that occur prior to the imposition of sentence.'" *Edwards v. State* (1996), 112 Nev. 704, 708, 918 P.2d 321, quoting *Allen v. United States* (D.C.1985), 495 A.2d 1145, 1149. It is, however, an appropriate vehicle for raising the claim that a sentence is facially illegal at any time. *Id.* The scope of relief based on a rule * * * is likewise constrained to the narrow function of correcting only the illegal sentence.
>
> *Id.* at ¶ 25. Accordingly, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." (Emphasis sic.) *id.* at ¶ 26.

*Moore* at ¶ 14-15.

{¶13} Based on its reasoning in *Fischer*, the Supreme Court held that when a judge

fails to impose a statutorily mandated fine as part of a defendant's sentence, that part of the sentence is void and must be set aside. *Id.* at ¶ 17. And it further made clear that "resentencing is limited to the imposition of the mandatory fine." *Id*. at ¶ 17.

{¶14} The facts in *Moore* are directly on point with the present case. Therefore, because Brown's sentence does not properly include a statutorily mandated fine, it is contrary to law and that part of the sentence must be set aside. Upon remand, resentencing is limited to the trial court's imposition of the mandatory fine. Brown, of course, can file an affidavit of indigency with the clerk of courts before the resentencing hearing so that the trial court can waive the fine if he is indeed indigent.

{¶15} Brown's first assignment of error is sustained.

## III.   Ineffective Assistance of Counsel

{¶16} In his second assignment of error, Brown argues that his trial counsel was ineffective because he failed to inform Brown before he entered into the plea that he would be subject to the $7,500 mandatory fine.

{¶17} As we previously stated, defendants are usually barred by res judicata from raising any issue that they could have raised in their direct appeal. *Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. But because Brown was represented by the same counsel on direct appeal as he had been at trial, he is not barred from raising this issue now. *See State v. Lentz*, 70 Ohio St.3d 527, 639 N.E.2d 784 (1994) (an attorney is not required to raise his own ineffectiveness).

{¶18} To establish that trial counsel was ineffective, a defendant must show that

(1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Defense counsel's performance must fall below an objective standard of reasonableness to be deficient in terms of ineffective assistance of counsel. *See State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989). Moreover, the defendant must show that there exists a reasonable probability that, were it not for counsel's errors, the results of the proceeding would have been different. *State v. White*, 82 Ohio St.3d 16, 23, 693 N.E.2d 772 (1998).

{¶19} In the case below, Brown retained his trial counsel; the trial court did not appoint counsel for Brown. Thus, it is not clear if he was indigent. Although Brown filed affidavits of indigency in both his direct appeal and the present appeal, that does not establish that he was indigent at the time of his plea.

{¶20} Further, according to the procedural history of this case as set forth in *Brown*, 8th Dist. Cuyahoga No. 101427, 2014-Ohio-5795, as soon as Brown's trial counsel learned that Brown was subject to the $7,500 fine, he immediately notified the trial court that Brown wished to withdraw his plea. Thus, it appears that Brown's counsel did not advise Brown that by pleading guilty to the drug trafficking charge in this case, he would be subject to a $7,500 fine.

{¶21} Nonetheless, even if we assume for the sake of argument that Brown's counsel was deficient, we cannot determine prejudice based on the record before us. If Brown is indigent, all he has to do is file an affidavit of indigency with the court and it is

clear that the court will waive the fine.   But if he is not indigent, the court does not have the discretion to waive the fine.   Brown did not address this issue in his motion, and thus, said nothing about his present indigency.   Therefore, Brown has not established that he was prejudiced by his counsel's failure to advise him of the $7,500 mandatory fine.

**{¶22}** Brown's second assignment of error is overruled.

## IV.   Motion to Withdraw Plea

**{¶23}** In his remaining three assignments of error, Brown claims that his plea was not voluntarily, intelligently, and knowingly entered into based on various legal theories — but essentially, all of Brown's theories are based on the fact that because the trial court did not inform Brown of the mandatory fine in this case at the time of his plea, his plea was not valid.

**{¶24}** A review of the record, however, establishes that Brown did not raise this issue (of the mandatory fine) in his motion to withdraw his plea that is presently before us.   Thus, we need not address these three assignments of error.   It is axiomatic that issues cannot be raised for the first time on appeal.   *State v. Lehman*, 2d Dist. Champaign No. 2014-CA-17, 2015-Ohio-1979, ¶ 14 ("It is well-established that issues raised for the first time on appeal are not properly before this court and will not be addressed.").   Brown's third, fourth, and fifth assignments of error are therefore without merit and overruled.

**{¶25}** Nonetheless, we do note that Brown did raise this exact issue in his direct

appeal based on his *first* motion to withdraw his plea, which he filed immediately after he was sentenced in April 2014. This court found no merit to his argument because:

> [t]he reason Brown initially offered for wanting to withdraw his plea was that he was not informed about the mandatory $7,500 fine. The state indicated it would waive the fine, however, and therefore there was no "manifest injustice" that occurred by him not being advised of it.

*Brown*, 8th Dist. Cuyahoga No. 101427, 2014-Ohio-5795, ¶ 20.

{¶26} The state, however, has no power to waive the mandatory fine. And thus, in the interest of justice, we note that *if Brown is not indigent*, the trial court should give him the opportunity to move to withdraw his plea once again on the basis that receiving a $7,500 mandatory fine would amount to a manifest injustice under Crim.R. 32.1. This is because Brown pleaded guilty to drug trafficking without the trial court advising him that he would be subject to the $7,500 mandatory fine once he entered into the plea.

{¶27} The state argues that Brown is inviting the "possible" error in this case because he does not want to sign an affidavit of indigency. The state contends that Brown does not want to sign an affidavit of indigency because he wants to withdraw his plea, and thus, is inviting the "manifest injustice" that would occur. Even if the state is correct (which seems likely), the trial court does not have discretion in this matter with respect to the fine; if Brown does not file an affidavit of indigency, the trial court has to impose the fine. And there is no question that if Brown receives a $7,500 mandatory fine that he was not aware of before he pleaded guilty, that would amount to a manifest injustice under Crim.R. 32.1 such that he should be allowed to withdraw his plea. Accordingly, the state's arguments are premature at this juncture.

**{¶28}** Judgment is affirmed with respect to Brown's conviction. We reverse Brown's sentence and remand for resentencing for the sole purpose of the trial court's imposition of the mandatory fine. Brown, of course, can file an affidavit of indigency before that hearing, requesting the trial court to properly waive the fine.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR