[Cite as *State v. Brown*, 2017-Ohio-2854.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 104573

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## JEFFREY L. BROWN

### DEFENDANT-APPELLANT

---

### JUDGMENT:
DISMISSED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-580090-A

**BEFORE:**   Celebrezze, J., Boyle, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:**   May 18, 2017

**FOR APPELLANT**

Jeffrey L. Brown, pro se
Inmate No. 664-316
Richland Correctional Institution
1001 Olivesburg Road
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Brett Hammond
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Jeffrey L. Brown, appeals the denial of his motion to withdraw his guilty plea to one count of drug trafficking. The trial court's subsequent grant of another motion to withdraw his guilty plea and a motion by the state to vacate the conviction and dismiss the charges with prejudice renders this appeal moot. Therefore, this appeal is dismissed.

## I. Factual and Procedural History

{¶2} Appellant was indicted in 2013 and charged with multiple counts, including drug trafficking and drug possession. Appellant eventually pled guilty to a single count of drug trafficking, a third-degree felony, for which he was sentenced to six months in prison. Appellant appealed his conviction to this court, which was affirmed on December 31, 2014. *State v. Brown*, 8th Dist. Cuyahoga No. 101427, 2014-Ohio-5795.[1]

{¶3} On May 5, 2016, appellant filed a motion to withdraw his guilty plea, and the state filed a brief in opposition. The trial court denied the motion on May 16, 2016. Appellant then filed the instant appeal assigning the following errors for review:

> I. The trial court erred in denying [appellant's] motion to withdraw guilty plea when [he] sufficiently demonstrated he was denied effective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.
>
> II. The trial court erred in denying [appellant's] motion to withdraw guilty plea when the state of Ohio violated Crim.R. 16 and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to divulge material exculpatory evidence prior to [appellant] pleading guilty thereby

---

[1] A more detailed recitation of the facts can be found therein.

violating [his] right to due process under the Fourteenth Amendment to the United States Constitution.

III. The trial court acted bias [sic] and vindictive towards [appellant] when it denied his motion to withdraw guilty plea although the state of Ohio waived and forfeited all affirmative defenses and conceded all arguments when the state failed to oppose [his] motion in compliance with Cuyahoga Cty. Gen. Div. L. Rule 11.0(C), thereby violating Brown's right to the Due Process Clause under the Fourteenth Amendment to the United States Constitution.

## II. Law and Analysis

{¶4} All of appellant's assigned errors are rendered moot by events that occurred in the trial court following the filing of the instant appeal.

### A. Mootness

{¶5} The trial court initially denied appellant's motion to withdraw his guilty plea in this case on May 16, 2016. After it came to light that police officers may have committed acts of misconduct during the investigation of appellant's case, the state moved to vacate the conviction and appellant moved to withdraw his plea a second time. The trial court held a hearing on the motions and granted them. On December 29, 2016, the trial court vacated appellant's guilty plea, vacated the conviction, and dismissed the charges with prejudice. However, this occurred while an appeal was pending.

{¶6} This court remanded the matter to the trial court on February 15, 2017, to give the trial court jurisdiction to rule on those motions. *See State ex rel. Special*

*Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978). Appellant also filed an appeal from the trial court's December 29, 2016 order granting the motions. On April 13, 2017, this court then extended the earlier remand and remanded the newly filed appeal so there would be no jurisdictional impediment barring the trial court from ruling on the motions. On April 16, 2017, the trial court issued an entry again granting appellant's and the state's motions, and dismissed the charges with prejudice. This later action renders the present appeal moot.

{¶7} An appeal becomes moot when "the subject matter of the litigation or dispute is somehow finally resolved, thereby precluding further action by a court." *Wheeling Corp. v. Columbus*, 147 Ohio App.3d 460, 2001-Ohio-8751, 771 N.E.2d 263, ¶ 175 (10th Dist.) (Tyack, J., dissenting). Here, appellant raised issues surrounding the trial court's denial of a motion to withdraw his guilty plea. The subsequent granting of a similar motion made by appellant renders the issues raised in the present appeal moot.

{¶8} Appellant has filed various motions arguing that the trial court erred when it granted his motion without withdrawing his guilty pleas in another case that he alleges was part of a package plea agreement with the present case. However, those arguments are unrelated to the present appeal. Appellant has already filed an appeal from the grant of the subsequent motion to withdraw where those issues can properly be addressed. There is no justiciable controversy left in the present case, which relates solely to the denial of a motion to withdraw appellant's guilty plea.

### III. Conclusion

{¶9}  The trial court granted a subsequent motion to withdraw appellant's guilty plea in this case following a limited remand by this court.  The granting of appellant's motion to withdraw his guilty plea renders moot the issues he currently raises in his appellate brief about the denial of his motion to withdraw his guilty plea.  Therefore, no justiciable controversy exists in the present appeal, and the appeal is dismissed.

{¶10} Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
ANITA LASTER MAYS, J., CONCUR