[Cite as *State v. Potter*, 2024-Ohio-4652.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230424 |
| | | TRIAL NO. B-2102609 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| AARON POTTER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: September 25, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Glaser Law* and *Angela J. Glaser*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}   Aaron Potter appeals his conviction, arguing that the trial erred when it committed him to competency restoration past the statutory maximum of 365 days. However, we find that this appeal is moot and accordingly dismiss the appeal.

## Factual Background

{¶2}   Potter was indicted for two counts of robbery and entered not-guilty pleas.  On multiple occasions throughout the proceedings, Potter was found to be incompetent and subsequently restored to competency.  At a competency hearing on February 21, 2023, Potter was again found to be incompetent.  Potter's counsel argued that only 30 days remained of the 365 day limit on the duration of treatment contained in R.C. 2945.38(C) due to the prior restorative treatment that Potter had received.  The trial court concluded that it could order a new period of restorative treatment for up to 365 days and ordered that Potter be committed to Summit Behavioral Healthcare for a period of time not to exceed 365 days.  An order finding a party incompetent to stand trial and committing him or her to an institution is a final appealable order.  *See State v. Upshaw*, 2006-Ohio-4253, ¶ 19.  Potter did not appeal that order.

{¶3}   On June 2, 2023, Potter was found competent and entered guilty pleas to both charges.  In exchange, the state reduced the charges from felonies of the second degree to felonies of the third degree.  The court sentenced him to community control.

{¶4}   On August 23, 2023, Potter filed a motion for a delayed appeal, challenging his convictions, which was granted by this court.  On September 12, 2023, Potter was arrested for violating the terms of his community control.  On October 25, 2023, the trial court found Potter incompetent and further found that there was not a substantial probability he would become competent within one year.  The court

dismissed "the criminal charges under this indictment number" and directed the court administrator to file an affidavit in probate court.

{¶5} The sole error advanced in this appeal is whether the trial court erred when it committed Potter to competency restoration past the statutory maximum of 365 days. The state argues that this appeal is moot because there is no remedy this court can grant because the indictment was dismissed. During oral argument, Potter conceded that the appeal is moot.

## Mootness

{¶6} Generally, courts will not resolve issues that are moot. *See In re L.W.*, 2006-Ohio-644, ¶ 11 (10th Dist.). An appeal becomes moot when "the subject matter of the litigation or dispute is somehow finally resolved, thereby precluding further action by a court." *State v. Brown*, 2017-Ohio-2854, ¶ 7 (8th Dist.), citing *Wheeling Corp. v. Columbus*, 2001-Ohio-8751, ¶ 175 (10th Dist.) (Tyack, J., dissenting). When the cause involves no actual, live controversy, and no decision "can definitely affect existing legal relations," the case is moot. *In re L.W.* at ¶ 11. "When an appeal becomes moot based on an event occurring after the final entry of conviction, the appeal must be dismissed." *State v. Baird*, 2020-Ohio-2717, ¶ 6 (8th Dist.), citing *State v. Kimbro*, 2019-Ohio-1247, ¶ 2 (8th Dist.).

{¶7} In *State v. Baird*, the defendant appealed an order authorizing the involuntary administration of medication and treatment to restore him to competency. *Id*. at ¶ 1. While the appeal was pending, the trial court determined that Baird remained incompetent to stand trial and was not likely to be restored to competency under R.C. 2945.38(H). *Id*. at 5. The Eighth District Court of Appeals dismissed the appeal as moot due to the trial court's conclusion that defendant's

competency could not be restored. *Id.* at ¶ 11. Ultimately, the court held that it could provide no relief from the order for forced medication because the order was no longer in effect. *Id.*

{¶8}    In this case, the trial court dismissed the indictment and charges after concluding that restoration was not possible within the statutory time frame. Thus, there is no longer a live case or controversy to be resolved, and we cannot grant any relief from the convictions because the indictment and charges have been dismissed.

{¶9}    Accordingly, we dismiss the appeal as moot.

Appeal dismissed.

**BERGERON** and **KINSLEY, JJ.,** concur.

Please note:
   The court has recorded its own entry this date.